WINSHIP (McCABE v.). See Case No. 8,668.

---

## Case No. 17,879.

### In re WINSLOW.

[1 McA. Pat. Cas. 123.]

Circuit Court, District of Columbia. 1850.

PATENT OFFICE APPEALS—SUFFICIENCY OF "REASONS OF APPEAL"—VAGUENESS.

[1. Reasons of appeal which state "that the decision is in opposition to a clear apprehension of the merits of the case": "that the decision is

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

inconsistent as opposed in affirmation to precedents which have governed such cases"; and "that the decision is adverse to the opinion of skillful and competent men,"—*held* too vague and indefinite to raise any question for the judge to pass upon.]

[2. Where the commissioner's refusal to grant a patent is based upon want of novelty, the judge cannot consider a reason of appeal which is occupied mainly in a description of the object and importance of the machine, and of the comparative merits of the applicant's machine and a prior machine which the commissioner has cited as an anticipation.]

Appeal from commissioner of patents.

CRANCH, Chief Judge. Appeal from the decision of the commissioner of patents rejecting the application of Lieutenant J. A. Winslow for an alleged improvement in marine camels. The appellant in his specification, after describing his camel, which he calls a "camel steam tug," says, "claims to a patent": "First. For the peculiar model in which two camels are connected together, described as above, and intended for transporting ships, &c. Secondly. For the application, in combination, of letting water into the camels for sinking the machine and submerging the propellers when there is no ship on the ways, which, for want of such ballast, would interrupt the means of locomotion. Thirdly. For the application, in combination, of water-tight compartments, to prevent the ill effects which would arise from so large a body of water rushing backward and forward in a swell at sea, and also for controlling the water in these compartments to assist in preserving the trim of the machine, or an equal draught forward and aft. Fourthly. For the application, in combination, of balancing, by putting the heavy machinery forward to counteract the effect of want of buoyant power in the stern part of the machine."

These, I suppose, were intended to designate the particular improvements for which he desires a patent. There is no date to Mr. Winslow's specification; but as it was sworn to on the 17th of July, 1849, that may be considered as the date of his application for the patent. On the 31st of August, 1849, the commissioner of patents rejected his application and communicated his decision to Mr. Winslow in a letter of that date, marked No. 2; and as the commissioner, in stating the grounds of his decision, has referred to that letter, it seems necessary here to insert it: "Upon examination of your claims to letters-patent for alleged improvements in camels, it appears that your invention has been in all essentials anticipated, which fact prevents, under the law, the issue of letters-patent to you. In an application for letters-patent filed by Henry M. Shreve, December, 1839, to which you are referred, may be found described the two camels united by a platform upon which the ship is sustained, having their outer sides converging so as to form a bow, and also provided with compartments

or sections in the body of the same in order that they may be balanced; and likewise with the means of propulsion by steam. Mr. Shreve in his specification declares the purport of his invention to consist in floating large vessels over shoals or bars. The sole difference between your machine and his consists in the position of the machinery, and this fact is not patentable when it is considered that both docks are furnished with means amply sufficient to equalize their draught of water of either stem or stern. A certificate as to the utility of your invention has been forwarded by you, which renders it proper to observe that the rejection of this case by the office does not in any way depend upon or is influenced by considerations of the practical merit of the contrivance. All that this office has to decide upon is the novelty of the contrivance and the fact that it is not pernicious. For terms of appeal or withdrawal you are referred to the enclosed circular." On the 29th of December, 1849, Mr. Winslow, through the office, presented his petition of appeal from the decision of the commissioner, and filed his reasons of appeal, viz.: "First. That it is alleged that the decision is in opposition to a clear apprehension of the merits of the case. Secondly. That the decision is inconsistent, as opposed in affirmation to precedents which have governed such cases. Thirdly. That the decision is adverse to the opinion of skillful and competent men," &c. These reasons of appeal are followed by a long argument as to the comparative merits of the two camels, viz., Mr. Shreve's and Mr. Winslow's, and an attempt to show that Mr. Shreve's would not answer the purpose and that Mr. Winslow's would. In February, 1850, before the day appointed by the judge for the hearing of the appeal, the commissioner of patents filed in the office "the grounds of his decision fully set forth in writing," as required by the eleventh section of the act of the 3d of March, 1839, as follows, viz.: (The commissioner's decision is omitted.)

By the act of congress of the 3d of March, 1839, section 11 [5 Stat. 354], in the case of an appeal from the decision of the commissioner of patents rejecting an application for a patent, the revision of the judge is confined to "the points involved by the reasons of appeal" filed in the office. It is necessary, therefore, to ascertain the points so involved. The first reason of appeal is "that the decision is in opposition to a clear apprehension of the merits of the case." This reason is certainly vague and indefinite, and I do not perceive that it involves any point affecting the decision of the commissioner. The second reason of appeal is "that the decision is inconsistent as opposed in affirmation to precedents which have governed such cases." This reason is also vague and indefinite, and I cannot see that it involves any point applicable to the decision of the commissioner in this case. The third reason of ap-

peal is "that the decision is adverse to the opinion of skillful and competent men," &c. The residue of the paper filed, and headed "Reasons of an appeal," &c., is occupied principally in a description of the object and importance of the machine, and of the comparative merit of the camels of Shreve and that for which Mr. Winslow asks a patent.

The commissioner's decision is founded upon the want of novelty in Mr. Winslow's machine, and not upon its comparative merit. None of the reasons of appeal filed in the office involves any question of the relative merits of the two machines. The opinion of naval constructors respecting those merits cannot affect the question of novelty, and none of the reasons of appeal involve that question. It is therefore not within my cognizance, which, as before stated, is confined to the points involved in the reasons of appeal. I am therefore of opinion that the reasons of appeal filed in the office are not sufficient to justify a reversal of the decision of the commissioner of patents, that the said reasons must be overruled and the said decision be affirmed.